UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JASON EDWARD LEE, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 20-1216-JDT-cgc |
| ) | |
| CORIZON HEALTH, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER TO MODIFY THE DOCKET,
DISMISSING COMPLAINT, AND GRANTING LEAVE TO AMEND

On September 24, 2020, Plaintiff Jason Edward Lee, Sr., who is incarcerated at the Morgan County Correctional Complex in Wartburg, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court issued an order on September 28, 2020, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the Defendants as Corizon Health (Corizon) and the Tennessee Department of Correction (TDOC).[1] Lee also attempts to sue unidentified "employees and director" of the mental health program at the Northwest Correctional Complex (NWCX) in Tiptonville, Tennessee, where he was formerly incarcerated.

---

[1] Lee identifies Corizon as "Corizen Mental Health," but the correct designation and spelling of the company's name is "Corizon Health."  *See* www.corizonhealth.com.  Lee also indicates Corizon is "employed" by the TDOC, so it is possible he also intends to sue the TDOC itself.  The Clerk is directed to MODIFY the docket to reflect Corizon's correct name and to add the TDOC as a Defendant.

In the complaint, Lee alleges:

On 9-20-19 I was kicked out of the North West Mental Health Program & my mental health level was dropped from 3 to 2 unjustly & not according to policy[,] which put me in general population where I had a mental health break down[.] I had major panic attacks & did things I don't remember. I got beaten & placed on maximum security. I've been treated bad & suffered major mental & physical issues[.] I was treated unjustly & illegally. I was placed back on level 3 in a mental health unit at M.C.C.X. when I talked to the Dr.

(ECF No. 1 at PageID 2.)  Lee wants those at fault to be fired and to have to take classes; he also seeks unspecified monetary compensation.  (*Id.* at PageID 3.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint─

(1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679.  Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P.  8(a)(2), Rule 8 nevertheless requires factual allegations to make

a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Lee filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Any claims asserted against the TDOC must be treated as claims against the State of Tennessee itself. However, Lee cannot state a valid claim against the State of Tennessee. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to

3

prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Va. Office for Protection & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)). Tennessee has not waived its sovereign immunity and therefore may not be sued for damages. *See* Tenn. Code Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will*, 491 U.S. at 71.

The complaint also does not state a viable claim against Corizon or against any Corizon employee in his or her official capacity. "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)); *see also Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (corporation that provides medical care to prisoners can be sued under § 1983). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care to prisoners. *Thomas*, 55 F. App'x at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001). Corizon "cannot be held liable under a theory of respondeat superior." *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). Instead, to prevail on a § 1983 claim against Corizon, Lee "must show that a policy or well-settled custom of the company was the 'moving force' behind

the alleged deprivation" of his rights. *Id.* The complaint does not allege that Lee suffered any injury because of an unconstitutional policy or custom of Corizon.

With regard to individual-capacity claims against the unidentified "employees and director" of the NWCX mental health program, Lee's claims of inadequate mental health care arise under the Eighth Amendment, which prohibits cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Under *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." To state a cognizable claim, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Id.* at 106.

An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson*, 501 U.S. at 298. The objective component of an Eighth Amendment claim based on a lack of medical care requires that a prisoner have a serious medical need. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004); *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994).

To establish the subjective component of an Eighth Amendment violation, a prisoner must demonstrate that the defendant acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at 302-03. The plaintiff must show that the defendants acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303; *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009); *Woods v. Lecureux*, 110 F.3d 1215,1222 (6th Cir. 1997). "[D]eliberate indifference describes a state of mind more blameworthy

5

than negligence." *Farmer*, 511 U.S. at 835.  A defendant cannot be found liable under the Eighth Amendment unless he subjectively knows of an excessive risk of harm to an inmate's health or safety and disregards that risk.  *Id.* at 837.

Lee alleges that his "mental health level" was dropped "unjustly & not according to policy" to a level that allowed prison officials to move him to the general population at the NWCX. Thereafter, he had "major" panic attacks, got "beaten up," and was placed on maximum security. He states he suffered "major mental & physical issues." (ECF No. 1 at PageID 2.)  Even if it is assumed that Lee's mental and physical conditions amounted to serious medical needs, he does not allege that any specific individual in the mental health program knew that dropping his mental health level and returning him to general population would put his mental and/or physical health and safety at substantial risk.  In addition, Lee gives no information about the seriousness of his mental health issues except to say that he suffered "major" panic attacks after returning to the general population.  He does not describe the seriousness of his physical issues at all.  These allegations are insufficient to state a claim for inadequate medical and mental health care under the Eighth Amendment.

Moreover, as stated, Lee has identified no specific individual who allegedly denied him adequate care.  Even if Lee's allegations stated a claim, service of process cannot be made on unidentified parties, and the filing of a complaint against such unknown defendants does not toll the running of the statute of limitation.  *See Wiggins v. Kimberly-Clark Corp.*, 641 F. App'x 545, 548-49 (6th Cir. 2016) ("The Sixth Circuit treats naming a specific individual in place of a John Doe as joinder of a new party." (*citing Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996))).  In order to proceed against these unnamed individuals, Lee must identify them and file an amended

complaint within the one-year limitations period set out in Tennessee Code Annotated 28-3-104(a)(1)(B).

For the foregoing reasons, Lee's complaint fails to state a claim on which relief may be granted and is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2). However, leave to file an amended complaint is GRANTED.

**Any amended complaint must be filed within twenty-one days after the date of this order.** Lee is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the prior pleading. The amended complaint must be signed, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the amendment. Each claim for relief must be stated in a separate count and must identify each Defendant sued in that count. If Lee fails to file an amended complaint within the time specified, the Court will dismiss this case with prejudice in its entirety, assess a strike pursuant to 28 U.S.C. § 1915(g), and enter judgment.

IT IS SO ORDERED.

                                             s/ **James D. Todd**
                                             JAMES D. TODD
                                             UNITED STATES DISTRICT JUDGE