UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JASON EDWARD LEE, SR., | ) |
| Plaintiff, | ) |
| VS. | )  No. 20-1216-JDT-cgc |
| CORIZON HEALTH, ET AL., | ) |
| Defendants. | ) |

ORDER TO MODIFY THE DOCKET,
PARTIALLY DISMISSING AMENDED COMPLAINT,
AND DIRECTING THAT PROCESS BE ISSUED AND SERVED
ON DEFENDANTS SHANNON AND ROSS

On September 28, 2020, the Court dismissed the *pro se* prisoner complaint filed by Plaintiff Jason Edward Lee, Sr., and granted leave to file an amended complaint. (ECF No. 5.)  The Clerk received and docketed Lee's amended complaint on October 26, 2020. (ECF No. 6.)[1]  The Clerk shall modify the docket to add the following Defendants: Noel Shannon, a Counselor at the Northwest Correctional Complex (NWCX); Mrs. First Name Unknown

---

[1] The September 28 order gave Lee 21 days from the date of the order (not the date on which he received it) in which to file an amendment (ECF No. 5 at PageID 22), so that it was due to be mailed on or before October 19, 2020.  In accordance with *Houston v. Lack*, 487 U.S. 266 (1988), Lee's document is deemed filed when it was given to prison authorities for mailing.  Though the envelope was stamped in the prison mailroom on October 21, 2020, Lee signed the amended complaint on October 17, 2020.  (*See* ECF No. 6 at PageID 28-29.)  Given the likely prison restrictions in place at the time due to the COVID-19 pandemic, however, the Court will assume Lee gave the document to prison staff for mailing that same day and consider it timely.

(FNU) Ross, Program Director of the Corizon Mental Health Unit at the NWCX; Mrs. FNU Polk; and Mrs. FNU Eison. Lee seeks monetary compensation and wants the Defendants to be "discipline[d]" and "trained properly." (*Id*. at PageID 28.)

The legal standards for assessing the claims in an inmate's complaint were set forth in the prior order of dismissal, (ECF No. 5 at PageID 17-18), and will not be reiterated here.

In the order of September 28, 2020, the Court found that Lee's original complaint did not state a valid claim against Corizon Health or against any Corizon employee in his or her official capacity. The complaint did not allege that Lee suffered any injury because of an unconstitutional policy or custom of Corizon. (ECF No. 5 at PageID 19-20.)

Lee's amended complaint still fails in this regard. He does not allege that a Corizon policy or custom caused the putative constitutional deprivations of which he complains. (*See* ECF No. 6 at PageID 25-27.) Instead, he merely states: "[Defendants] went against Corizon's own policy and procedure as well as N.W.C.X.'s." (*Id*. at PageID 27.) Such conclusory generalization does not meet Plaintiff's pleading burden, as the order fully described for him. (ECF No. 5 at PageID 19-20.) The amended complaint therefore does not state a claim to relief against Corizon.

Because Defendant Shannon is identified as a Counselor, not as a medical or mental health provider, it is unclear whether she is also an employee of Corizon or whether she is employed by the Tennessee Department of Correction (TDOC). If she is a TDOC employee, any official capacity claims against her are treated as claims against the State of Tennessee. However, Lee has no valid claim against the State. The Eleventh Amendment

to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court.  *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Va. Office for Protection & Advocacy v. Stewart*, 131 S. Ct. 1632, 1638 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)).  Tennessee has not waived its sovereign immunity.  *See* Tenn. Code Ann. § 20-13-102(a).  Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983.  *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Lee thus has no claims for money damages against Shannon in her official capacity.

The Supreme Court has clarified, however, that "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will*, 491 U.S. at 71 n.10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985), and *Ex Parte Young*, 209 U.S. 123, 159-60 (1908)); *see also Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993) ("[T]he [eleventh] amendment does not

preclude actions against state officials sued in their official capacity for prospective injunctive or declaratory relief." (citing *Ex Parte Young*, 209 U.S. 123)).

To proceed with official capacity claims for prospective injunctive relief against State employees, Lee must allege that the State of Tennessee was responsible for the violation of his constitutional rights because of a practiced custom or policy. *Kentucky v. Graham*, 473 U.S. 159, 16-67 (1985); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). The Sixth Circuit has held that to establish the requisite causal link between constitutional violation and policy, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993). The custom or policy must be "the moving force" behind the deprivation of the plaintiff's rights. *Powers v. Hamilton Cnty. Pub. Defender Comm'n*, 501 F.3d 592, 606-07 (6th Cir. 2007) (citing *Monell*, 436 U.S. at 694). Lee has not alleged he was injured due to an unconstitutional policy or custom of the State of Tennessee. He thus also fails to state a claim for prospective injunctive relief against Defendant Shannon.

The Court also concluded in the September 28, 2020, order that the original complaint did not state a claim for inadequate medical and mental health care against unidentified employees of the mental health program at the NWCX. First, the Court found that even if it was assumed Lee's mental and physical conditions amounted to serious medical needs, he did not allege that any specific individual in the mental health program knew dropping his mental health level and returning him to general population would put his mental and/or physical health and safety at substantial risk. (*Id.* at PageID 21.) Second,

4

Lee gave no information at all about the seriousness of his mental health issues except to say that he suffered "major" panic attacks after returning to the general population. (*Id*.)

Lee's amended complaint alleges he told Defendants Shannon, Ross, Polk, and Eison "that I could never function or make it in general population." (ECF No. 6 at PageID 26.) He contends his doctors told them the same thing (*id.*), and that these Defendants therefore "knew of the dangers and issues facing my mental [and] physical well being [and] ignored them." (*Id*. at PageID 27.) He also alleges he told the Defendants he had "hits" on him and feared for his safety. Yet his mental health level was dropped from three to two without his knowledge, without his doctor's knowledge, and without a treatment team meeting being held by Ross,[2] the Mental Health Program Director. (*Id.* at PageID 26.) Lee further alleges that Shannon, his Counselor, knew his disorders and diagnoses put him at risk and "promised me she wouldn't go behind my back." (*Id.*) Yet when he asked her to help him get into protective custody, she merely said "O well" and refused to do so despite knowing he was in danger. (*Id.*)

As a result of being placed back in general population at the NWCX, Lee allegedly suffered a major mental health breakdown with several anxiety attacks and major paranoid delusions. (*Id.* at PageID 27.) He states he received six write-ups during his breakdown, one of which was for holding a unit manager hostage and using a weapon, making her fear for her safety. (*Id.*) Consequently, he was relocated to "max" where he was beaten and

---

[2] Lee states that Ross, the Program Director, "was replaced because of this incident [and] the Warden changed the rules dealing with expulsion [from] the program." (ECF No. 1 at PageID 27.)

isolated and "placed in a wet cell in just my boxers for over 2 weeks damaging nerves in my feet, legs [and] arms." (*Id.*) His mental health allegedly has worsened, and he was "even recently diagnosed with P.T.S.D. largely in part due to the incidents in question." (*Id.*)

Lee has alleged the objective prong of an Eighth Amendment claim for inadequate mental health treatment. Though he does not use technical medical language to detail his conditions, the descriptions of extreme anxiety and paranoid delusions causing him to act in a threatening and violent manner are sufficient to allege that his mental health needs are "objectively serious." *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897 (6th Cir. 2004).

To establish the subjective component of an Eighth Amendment violation, a prisoner must demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991). The plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303; *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. A prison official cannot be found liable under the Eighth Amendment unless he subjectively knows of an excessive risk of harm to an inmate's health or safety and disregards that risk. *Id.* at 837.

With regard to Defendants Polk and Eison, the amendment does not set out their positions within the NWCX mental health program, their actual roles in the events of which

Lee complains, or the specific actions they took or failed to take that allegedly violated his right to adequate medical and mental health care. The only allegation is that they knew he "could not make it" and was at risk in the general population because of his mental health issues. That is not enough, by itself, to state a claim under the Eighth Amendment.

As to Defendant Ross, however, Lee alleges she allowed his mental health level to be dropped from three to two without his knowledge and without the knowledge of his doctors. In so doing, Ross failed to convene a treatment team meeting despite having been told, both by Lee himself and by his doctors, that he was unable to function in general population. These allegations sufficiently state a claim that Ross acted with deliberate indifference to Lee's serious mental health needs, and his claim against her will be allowed to go forward.

The Court construes Lee's claim against Defendant Shannon as a claim that she failed to protect him by refusing to help him get into protective custody. The Eighth Amendment also gives prisoners the right to be free "from violence at the hands of other prisoners." *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011) (quoting *Farmer*, 511 U.S. at 833); *see also Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998) (explaining that the Eighth Amendment imposes on prison officials "an affirmative duty to protect inmates from violence perpetrated by other prisoners"). Accordingly, the Constitution requires prison officials to "take reasonable measures to guarantee the safety of the inmates." *Farmer*, 511 U.S. at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

To satisfy the objective prong of a failure-to-protect claim, a plaintiff must demonstrate that "he is incarcerated under conditions posing a substantial risk of serious

harm." *Bishop*, 636 F.3d at 766 (quoting *Farmer*, 511 U.S. at 833).  The Court finds Lee's allegation that he had "hits" on him and his allegations describing serious mental health issues which made him vulnerable in the general population are enough to satisfy the objective prong of an Eighth Amendment claim.

Lee has also sufficiently alleged Shannon acted with deliberate indifference to those significant risks to his health and safety.  He contends she was aware of his mental health issues and knew about the "hits" on him; she therefore knew he was vulnerable if left in the general population.  Yet she refused to help him get into protective custody.  This claim also will be allowed to proceed.

To the extent Lee is attempting to assert a stand-alone claim that the Defendants failed to follow internal Corizon and/or NWCX policies governing the mental health program, he does not state a claim.  An inmate's allegation that prison officials failed to follow a correctional facility's administrative policies does not, in and of itself, rise to the level of a constitutional violation.  *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007).  After *Sandin v. Conner*, 515 U.S. 472, 484 (1995), it is even clearer that mandatory language in prison regulations does not create a liberty interest protected by the Due Process Clause.  *See Rienholtz v. Campbell*, 64 F. Supp. 2d 721, 729-30 (W.D. Tenn. 1999) (citing *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-71 (6th Cir. 1995)), *aff'd*, 198 F.3d 247 (6th Cir. 1999).  Section 1983 does not provide a remedy for violations of state laws or regulations.  *Lewellen v. Metro. Gov't of Nashville and Davidson Cnty.*, 34 F.3d 345, 347 (6th Cir. 1994).  Accordingly, Lee does not have a constitutional right to the Defendants' observance of prison policies.

In conclusion, for all of the foregoing reasons, Lee's official capacity claims against all of the Defendants are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2).  His individual capacity claims against Defendants Polk and Eison are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1).  Lee's Eighth Amendment individual capacity claims against Defendant Shannon for failure to protect and against Defendant Ross for inadequate health care will proceed.

The Clerk is ORDERED to issue process for Defendants Noel Shannon and Mrs. First Name Unknown Ross[3] and deliver that process to the U.S. Marshal for service. Service shall be made on the Defendants pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10) by registered or certified mail or personally if mail service is not effective.  All costs of service shall by advanced by the United States.

It is further ORDERED that Lee shall serve a copy of every subsequent document he files in this case on the attorneys for the Defendants or on any Defendant personally if she is unrepresented.  Le shall make a certificate of service on every document he files.  He shall familiarize himself with the Federal Rules of Civil Procedure and this Court's Local Rules.[4]

---

[3] As stated, *see supra* note 2, Lee states Defendant Ross was replaced as the Program Director of the Mental Health Program.  (ECF No. 6 at PageID 27.)  He does not, however, state whether she remained employed at the NWCX in another capacity.  If Lee is aware that Ross is employed at a location or facility other than the NWCX,  he should notify the Court immediately.

[4] A copy of the Local Rules may be obtained from the Clerk or on the Court's website at https://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.

Lee is reminded that he must promptly notify the Clerk, *in writing*, of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

 s/ **James D. Todd**  
JAMES D. TODD  
UNITED STATES DISTRICT JUDGE