```
              IN THE UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| JASON EDWARD LEE, Sr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 20-cv-1216 |
| | ) | |
| CORIZON HEALTH, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER DENYING APPOINTMENT OF COUNSEL AND DISMISSING DEFENDANT**

Plaintiff Jason Edward Lee, Sr., asserts claims under 42 U.S.C. § 1983 for inadequate medical care during his incarceration for crimes under Tennessee law. (ECF No. 22 at 1.) Plaintiff effected service of process on Defendant Noelle Shannon, but summons was returned unexecuted as to Defendant Ross (first name unknown). (ECF Nos. 9, 10.) On October 21, 2022, the Court ordered Plaintiff to provide, within thirty days, an updated address at which Defendant Ross could be served and warned that, if Plaintiff failed to do so, Plaintiff's claims against Defendant Ross would be dismissed. (ECF No. 28 at 3.) Plaintiff has not provided an address for Defendant Ross. Instead, Plaintiff has filed a Third Motion for Appointment of Counsel. (ECF No. 30.) For the following reasons, the Motion is

DENIED, and Plaintiff's claims against Defendant Ross are DISMISSED without prejudice.

## I.  Third Motion for Appointment of Counsel

Plaintiff filed his First Motion for Appointment of Counsel on October 21, 2021. (ECF No. 16.) The Court denied the motion because no exceptional circumstances justified appointment of counsel. (ECF No. 22 at 2-3.) Plaintiff's Second Motion for Appointment of Counsel was an identical, word-for-word copy of his first motion and was denied for the same reasons. (ECF Nos. 16, 27, 28 at 2-3.) Plaintiff's Third Motion contains the same form motion the Court has twice rejected, but an additional, handwritten page makes further arguments. (ECF No. 30.) Some of those arguments recycle points -- such as that Plaintiff is a layman without special knowledge of the law -- that the Court has already considered and rejected. (Id. at PageID 116.) Plaintiff also asserts, however, that he "litterally [sic] ha[s] no access to the law library or any law books," has "not been able to get Rules of Civil Procedure," and has had to "grieve the law library to get any help or laws." (Id.)

There is no freestanding constitutional right to a prison law library. Simmons v. United States, 974 F.3d 791, 795 (6th Cir. 2020). Rather, the Supreme Court has recognized a more general constitutional right of access to the courts. Id. That right "requires prison authorities to assist inmates in the

2

preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. (quoting Bounds v. Smith, 430 U.S. 817, 828 (1977)). The right extends to civil rights actions under 42 U.S.C. § 1983. Lewis v. Casey, 518 U.S. 343, 354 (1996).

A claim of denial of access to the courts is typically brought as a separate count within a complaint. See Schwab v. Kent Cnty. Corr. Facility, No. 1:20-cv-290, 2020 U.S. Dist. LEXIS 72373, at *25-26 (W.D. Mich. Apr. 24, 2020) (citing, inter alia, Christopher v. Harbury, 536 U.S. 403, 415 (2002)). Plaintiff, however, asserts his lack of access to legal materials as part of his motion for appointment of counsel, not as an independent count of his complaint.

Appointment of counsel in a civil case "is not a constitutional right and is justified only in exceptional circumstances." Lanier v. Bryant, 332 F.3d 999, 1006 (6th Cir. 2003). "To determine whether these exceptional circumstances exist, courts typically consider 'the type of case and the ability of the plaintiff to represent himself.'" Id. (quoting Archie v. Christian, 812 F.2d 250, 253 (5th Cir. 1987)).

The complete denial of access to a law library, in the absence of any other form of legal assistance, would constitute a deprivation of Plaintiff's right of access to the courts. See

3

Simmons, 974 F.3d at 795. A total deprivation of access to both legal materials and legal assistance would also constitute exceptional circumstances justifying appointment of counsel, because that deprivation would completely nullify Plaintiff's "ability . . . to represent himself." Lanier, 332 F.3d at 1006 (quoting Archie, 812 F.2d at 253).

Plaintiff has not shown an entitlement to appointment of counsel on this record. Although Plaintiff states, in conclusory fashion, that he has no access to any law library or legal materials, ECF No. 30 at PageID 116, he does not provide essential facts necessary for the Court to evaluate his claim meaningfully. Plaintiff does not say, and the Court is left to guess, (1) why Plaintiff cannot access the law library, (2) how long this deprivation has been occurring, (3) whether all prisoners, or only Plaintiff, are being denied access, and if the latter, why Plaintiff is being singled out, and (4) whether Plaintiff's facility provides access to other forms of legal assistance, such as jailhouse lawyers or aid from other prisoners with legal training or experience.[1] These factors are important because prisons may place reasonable restrictions on inmates' access to a law library and can forgo providing a law library

---

[1] Plaintiff briefly suggests that he has benefited from "knowledge [and] help from others," but does not specify who provided help or what legal experience that individual or group might have. (ECF No. 30 at PageID 116.)

entirely in favor of providing other forms of legal assistance. Walker v. Mintzes, 771 F.2d 920, 931-32 (6th Cir. 1985). Absent answers to the foregoing questions, the Court cannot determine whether Plaintiff's limited access to legal materials is a constitutional deprivation or is merely the product of reasonable restrictions on law library use or a choice to replace law library access with other forms of legal assistance. Plaintiff's Third Motion to Appoint Counsel, ECF No. 30, is therefore DENIED.

## II. Dismissal of Defendant Ross

The Court warned in its October 21, 2022 order that, if Plaintiff did not provide an address at which Defendant Ross could be served within thirty days, Defendant Ross would be dismissed. (ECF No. 28 at 2.) Plaintiff has not provided any address, despite having had more than seven months to do so.[2] (ECF Nos. 22, 28.) Pursuant to Federal Rule of Civil Procedure 4(m), Defendant Ross (first name unknown) is DISMISSED without prejudice.

---

[2] Even assuming that Plaintiff faces serious difficulties in accessing legal materials, those difficulties do not excuse his failure to provide an address, both because an address in not technical legal information that can be obtained only through the legal process and because Plaintiff's issue about access to a law library was raised more than six months after he was first ordered to provide an address. (See ECF Nos. 22, 30.)

5

### III. Conclusion

Plaintiff's Third Motion for Appointment of Counsel, ECF No. 30, is DENIED. Defendant Ross (first name unknown) is DISMISSED without prejudice.[3]

SO ORDERED this 19th day of January, 2023.

                    /s/ *Samuel H. Mays, Jr.*
                    SAMUEL H. MAYS, JR.
                    UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff has also made a filing styled a "Motion for Discovery and Case Status." (ECF No. 29.) The Clerk of Court is directed to mail to Plaintiff a copy of the docket sheet in this case with this Order.